6620

FLEMING v. POWER, AUDITOR.

INJUNCTION—INCOME TAX.—This Court will not entertain an application for injunction against a County Auditor to restrain him from levying an income tax under secs. 328 to 331, Code of 1902, because plaintiff has an adequate remedy at law. That the Auditor might continue to assess the tax each year after the Court had decided it void is no ground for aid of court of equity.

Application to this Court in its original jurisdiction by J. O. C. Fleming for injunction against C. A. Power, Auditor for Laurens County, to restrain him from levying income tax against petitioner.

*Messrs. Dial* and *Todd,* for petitioner, cite: *This proceeding is maintainable:* Code of Proc., 363; Cool. on Tax. 258, 259, 37; 54 S. C., 574; 35 S. C., 213, 233; 4 S. C., 520; 11 S. C., 309; 23 S. C., 70; 1 Story on Con., sec. 338; 3 Brev., 502; 8 Cyc., 717, 726, 729, 741-2, 808, 810, 811, 812, 821;

1 Story on Con., sec. 424; 3 Ency., 682; 60 S. C., *Vesta Mills* v. *Charleston,* 72 S. C., 90; 6 Current Law, 15; 49 S. E., 892, 765; 73 N. E., 360; 43 L. Ed. U: S., 761; 49 L. Ed., U. S., 618. *What income tax is:* Code, 1902, 325-331. *This legislation is unconstitutional:* Cool. on Con. Lim., 607; 96 Tenn., 696; 75 S. C., 64; 165 U. S., 150; 13 Fed. R., 722; 86 Fed. R., 168; 5 Wall., 300; 120 U. S., 97.

*Assistant Attorney General M. P. DeBruhl,* contra, cites: *This action cannot be maintained:* Code, 1902, secs. 413, 414; 4 S. C., 520; 11 S. C., 309; 23 S. C., 76; *State* v. *Boyd, State* v. *Covington,* 35 S. C. *The income tax law does not violate Constitution:* Desty on Tax., 202; 43 Mo., 48; 52 S. C., 184; 30 La. Ann., 913; 1 Cool. on Tax., 418, 30; 2 Id., 1138-40; 60 Ga., 97. *Income tax may be laid on income from property already taxed:* 6 Bax., 553; Desty on Tax., 202; 32 Am. Rep., 537; 71 Mich., 21. *And is properly assessed on income of preceding year:* 46 Penn., 40; Strob., 395; 63 S. C., 429.

August 7, 1907. The opinion of the Court was delivered by

Mr. Chief Justice Pope. This is an application by the petitioner, J. O. C. Fleming, to this Court, in its original jurisdiction, for a writ of injunction against the respondent. as auditor of Laurens County, to enjoin him from proceeding under an act of the General Assembly, entitled "An act to raise revenue for the support of the State government by the levy and collection of a tax on incomes," approved the fifth day of March, 1897, and now incorporated in the Code of Laws of South Carolina, 1902, volume 1, as sections 325 to 331 inclusive, to assess and charge against the petitioner a tax of one per cent. on each dollar of his income over and above the sum of twenty-five hundred dollars, to wit: the sum of thirty dollars, and from adding thereto fifty per cent. thereof as a penalty for petitioner's failure to make a return of his income.

34—77

A rule to show cause having been granted, the cause was heard by this Court upon the facts stated in the petition, and in the answer and return of the respondent. There is no dispute in regard to matters of fact. The questions in issue are questions of law.

However interesting the merits of the case might be, this Court will not consider them. It is well settled that where there is an adequate remedy at law, Courts of equity will not interfere. Therefore, in this case, if petitioner has an adequate remedy at law, the injunction will not issue.

Section 413 of the Civil Code provides: "In all cases in which any county, State, or other taxes are now or shall be hereafter charged upon the books of any county treasurer of the State against any person, and such treasurer shall claim the payment of the taxes so charged, or shall take any step or proceeding to collect the same, the person against whom such taxes are charged, or against whom such step or proceeding shall be taken, shall, if he conceives the same to be unjust or illegal for any cause, pay the said taxes notwithstanding, under protest, in such funds or moneys as the said county treasurer shall be authorized to receive by the act of the General Assembly levying the same; and upon such payment being made, the said county treasurer shall pay the taxes so collected into the State treasury, giving notice at the same time to the Comptroller General that the payment was made under protest; and the person so paying said taxes may, at any time within thirty days after making such payment, but not afterwards, bring an action against the said county treasurer for the recovery thereof in the Court of Common Pleas for the county in which said taxes are payable; and if it be determined in said action that such taxes were wrongfully or illegally collected, for any reason going to the merits, then the Court before whom the case is tried shall certify of record that the same were wrongfully collected and ought to be refunded, and thereupon the Comptroller General shall issue his warrant for the refunding of the taxes so paid, which shall be paid in preference to

other claims against the treasury: *Provided,* That the county treasurers shall be required to receive jury and witness tickets for attendance upon the Circuit Courts of the State receivable for taxes due the county in which the said services are rendered."

Why this remedy is inadequate in this case we are unable to see. ° Petitioner having brought his action for recovery, the Court can then proceed to an inquiry as to the validity of the act, and if it is found to be null and void his money will be returned.

Petitioner contends, however, that even if in this instance he recovers the taxes so paid, that the above quoted remedy would be insufficient; for the reason that each year there would be an illegal assessment and collection, and as often he would be compelled to bring an action for recovery and would thus be put to much annoyance and expense. Clearly this contention cannot be upheld. The idea of county or State authorities attempting to collect a tax under a law declared void by the Courts is absolutely repugnant to the principles upon which our government is founded. The power of the Courts to pass upon legislative acts and declare them unconstitutional, if necessary, is regarded as one of the bulwarks of liberty and of the protection of property, and any action which in effect nullifiies such authority or brings it into contempt will not be likely to occur.

In our opinion the petitioner has a full and adequate remedy at law, and therefore, his petition is dismissed.